UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ICR, LLC, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:22-CV-00933 (JCH) |
| | : | |
| v. | : | |
| | : | |
| NEPTUNE WELLNESS | : | FEBRUARY 2, 2023 |
| SOLUTIONS, INC. | : | |
|     Defendant, | : | |
| | : | |

**RULING ON MOTION TO STRIKE AFFIRMATIVE DEFENSES (DOC. NO. 21)**

**I.   INTRODUCTION**

The lawsuit filed by the plaintiff, ICR, LLC ("ICR"), arises out of a consulting agreement it entered into with the defendant, Neptune Wellness Solution, Inc. ("Neptune").  ICR brings claims sounding in breach of contract, breach of an implied contract, unjust enrichment, and quantum meruit.  Neptune answered ICR's Complaint and raised three affirmative defenses.

Now before the court is ICR's Motion to Strike Affirmative Defenses ("Mot. to Strike") (Doc. No. 21).  For the reasons explained below, ICR's Motion is granted in part and denied in part.

**II.   BACKGROUND**

On January 31, 2020, ICR and Neptune entered into a consulting agreement.  See Complaint ("Compl.") ¶ 3 (Doc. No. 1–1).  ICR alleges that it performed the consulting services contemplated by the agreement, but Neptune failed to provide remuneration.  Id. ¶¶ 4–5.  Even though ICR supplied Neptune with "invoices, statement, and notice of default," ICR asserts that it still has not been paid.  Id. ¶ 6.

1

ICR filed its four-count Complaint against Neptune on June 21, 2022, in Connecticut Superior Court.  Id. at 1.  Count One asserts breach of contract, Count Two alleges breach of implied contract, Count Three asserts unjust enrichment, and Count Four seeks recovery in quantum meruit.  Id. ¶¶ 1–18.  On July 26, 2022, Neptune removed the matter to federal court.  See Notice of Removal (Doc. No. 1).  Nearly two months later, Neptune filed an Answer to the Complaint and asserted three affirmative defenses.  See Answer (Doc. No. 17).  For its first affirmative defense, Neptune states that it "reasonably relied on the [p]laintiff's representations that it would perform consulting services under the contract . . . and did so to its detriment as the [p]laintiff did not perform those services. . . ."  Id. at 3.  Neptune's second affirmative defense contends that ICR "failed to perform and did not provide the services for which it contracted with the [d]efendant."  Id.  Finally, in its third affirmative defense, Neptune avers that ICR's claims are barred under the doctrine of unjust enrichment.  Id.

On October 4, 2022, ICR moved to strike Neptune's three affirmative defenses as being insufficiently pled.  See Mot. to Strike; Memorandum of Law in Support of Motion to Strike ("Pl.'s Mem") at 1 (Doc. No. 22).  Neptune disagrees.  See Memorandum of Law in Opposition to Motion to Strike ("Def.'s Mem.") at 1 (Doc. No. 23).

### III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  An affirmative defense may be stricken if (1) "it does not meet the 'plausibility standard of Twombly"; (2) "it is a legally insufficient basis for

precluding a plaintiff from prevailing on its claims;" or (3) "it prejudices the defendant and it is "presented beyond the normal time limits of the Rules." Haber v. Bankers Standard Ins. Co., 2019 WL 7343397, at *1 (D. Conn. Dec. 31, 2019) (quoting GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98–99 (2d Cir. 2019).

Applying the plausibility standard, as articulated in Twombly and Iqbal, is a "context-specific task" in which the fact "that an affirmative defense, rather than a complaint, is at issue . . . is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense." GEOMC Co., 918 F.3d at 98. "In addition, the relevant context will be shaped by the nature of the affirmative defense" and whether the facts needed to buttress it are "readily available." Id. Under Twombly and Iqbal, the court does not credit "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Instead, the pleading "must contain sufficient factual matter," which, "accepted as true," would render a claim facially plausible. Id. at 678.

## IV. DISCUSSION

### a. First Affirmative Defense

Neptune's first affirmative defense avers that ICR's claims are barred by equitable estoppel. See Answer at 3. In support of this, Neptune says only that it "reasonably relied on the Plaintiff's representations that it would perform consulting services under the contract between the two parties and did so to its detriment as the Plaintiff did not perform those services. . . ." Id. This is a conclusory statement that largely tracks the elements of equitable estoppel but offers few factual allegations. It is

unclear, for example, how Neptune relied to its detriment on ICR's representations given that the Complaint suggests that Neptune has not paid ICR for services that were—or, as Neptune suggests, were not—rendered.  As Neptune itself highlights, an essential element of equitable estoppel is that the party that reasonably relied on a representation "actually change[d] [its] position or d[id] some act to [its] injury which [it] otherwise would not have done."  T.D. Bank, N.A. v. J & M Holdings, LLC, 143 Conn. App. 340, 350 (2013) (quotation and citation omitted); Def.'s Mem at 5.  Because the facts necessary to render this claim plausible should already be known to Neptune, this affirmative defense is stricken without prejudice.  See Haxhe Props., LLC v. Cincinnati Ins. Co., 2021 WL 2291101, at *3 (D. Conn. June 4, 2021) ("As these are facts that should be available to [the defendant] pre-discovery, the Court grants the motion to strike the second affirmative defense without prejudice.").

    b.  Second Affirmative Defense

  For its second affirmative defense, Neptune states that ICR "failed to perform and did not provide the services for which it contracted with the [d]efendant, thus breaching the contract. . . ."  See Answer at 3.  As such, Neptune contends it "is not liable for any payments allegedly owed to the [p]laintiff."  Id.  Although this affirmative defense is put in conclusory terms, the context-specific approach outlined by the Second Circuit suggests that the nature of this affirmative defense should impact the court's analysis.  GEOMC Co., 918 F.3d at 98 ("[T]he relevant context will be shaped by the nature of the affirmative defense.").  Here, the Complaint details the existence of the contract at issue as well as ICR's agreement to provide consulting services.  See

4

Compl. ¶¶ 3–4.  Thus, it is clear what contract was breached and how.  Accordingly, the Motion to Strike is denied as to the second affirmative defense.

      c. Third Affirmative Defense

In asserting its third affirmative defense, Neptune states only that ICR's "claims are barred because any recovery would constitute unjust enrichment." See Answer at 3.  This boilerplate allegation is too conclusory to meet the plausibility standard articulated in Twombly and Iqbal.  See Silva v. Hornell Brewing Co., 2020 WL 8079823, at *4 (E.D.N.Y. Dec. 1, 2020) (determining that "the bare, boilerplate statement that '[p]laintiff's claims are barred by the doctrine of estoppel,' without offering any factual basis in support," did not satisfy the standard laid out in GEOMC Co.) (alterations omitted); Jablonski v. Special Couns., Inc., 2020 WL 1444933, at *3 (S.D.N.Y. Mar. 25, 2020) (concluding that waiver and collateral estoppel defenses were insufficient and should be stricken where the "[d]efendant fail[ed] to provide any factual support for [these] defenses").  Therefore, this affirmative defense is stricken without prejudice.

**V.   CONCLUSION**

For the reasons stated above, the Motion to Strike (Doc. No. 21) is granted in part and denied in part.  The first and third affirmative defenses are stricken without prejudice, but the Motion is denied as to the second affirmative defense.  If Neptune chooses to amend its Answer, the court grants it leave to do so within 21 days consistent with this Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 2nd day of February 2023.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge